IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARK R. EDWARDS, SR.,
    Petitioner,

v.                                                                       Civil Action No. 5:14-cv-136

R.A. PERDUE, Warden,
    Respondent.

## REPORT AND RECOMMENDATION

On October 15, 2014, the *pro se* petitioner, Mark R. Edwards, Sr. ("Petitioner"), an inmate incarcerated at FCI Gilmer in Glenville, West Virginia, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Docket No. 1.) That same day, the Clerk of the Court mailed a Notice of Deficient Pleading to Petitioner, enclosing an application to proceed *in forma pauperis* ("IFP"), a Prisoner Trust Account Report, and a Court-approved § 2241 form. Plaintiff filed those items on November 10, 2014. (Docket Nos. 5, 6, 7.) The undersigned granted Petitioner leave to proceed IFP but required him to pay the $5.00 filing fee. (Docket No. 8.) Plaintiff paid the filing fee on December 15, 2014; the undersigned then ordered Respondent to show case as to why the writ should not be granted. (Docket No. 11.)

Respondent filed a "Motion to Dismiss and Response to Order to Show Cause" and memorandum in support on January 5, 2015. (Docket Nos. 13 and 14.) The undersigned issued notice pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), informing Petitioner of his right to file material responsive to Respondent's motion. (Docket No. 15.) Petitioner filed his response to the motion on March 2, 2015. (Docket No. 22.) On April 22, 2015, Petitioner filed a motion to stay proceedings in this matter. (Docket No. 26.) This matter is before the undersigned for a Report and Recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2.

## I. Facts

On July 16, 2000, Petitioner was arrested by police in Kingsport, Tennessee, for Criminal Possession of a Loaded Firearm. (Docket No. 14-2 at 11.) On September 21, 2000, he was temporarily released to the United States Marshals Service pursuant to a federal writ. (Id.) On July 16, 2011, Petitioner was sentenced in the United States District Court for the Western District of Virginia to sixty (60) months for Traveling in Interstate Commerce to Commit a Crime of Violence; eighty-four (84) months for Possession of a Firearm During a Violent Felony; and 120 months for Unlawful User of a Controlled Substance in Possession of a Firearm. His total term of imprisonment was 264 months. (Id. at 12.)

Petitioner was returned to the Sullivan County Jail in Tennessee via return writ on July 16, 2011. (Id.) On August 16, 2011, he was sentenced in the Criminal Circuit Court of Sullivan County, Tennessee, to an eight (8)-year term of imprisonment for Conspiracy to Commit Aggravated Assault. (Id.) According to the state judgment, Petitioner was to receive jail credit from July 17, 2000, to the date of the state judgment. (Id.)

Petitioner was released on parole by the Tennessee Department of Corrections on August 16, 2006, to the custody of the United States Marshals Service for service of his federal sentence. (Id.) Petitioner's federal sentence commenced on that date. (Id.) He received one (1) day of prior custody credit against his federal sentence for July 16, 2000, the date of his state arrest, because the State of Tennessee did not grant him jail credit for that date. (Id.) On November 17, 2008, the Western District of Virginia issued an Order reducing Petitioner's sentence to 234 months; his sentence computation was subsequently adjusted accordingly. (Id.)

While serving his federal sentence, Petitioner filed an administrative remedy, requesting a

concurrent designation of his state and federal sentences. (Id.) The Bureau of Prisons ("BOP") contacted the Western District of Virginia regarding Petitioner's request; the sentencing court did not respond. (Id.) After reviewing the five (5) factors set forth in 18 U.S.C. § 3621(b), the BOP denied Petitioner's request for a concurrent designation.

## II. Contentions of the Parties

### A. Petitioner's § 2241 Petition

In his petition, Petitioner asserts that he is

> entitled to the six (6) years of jail time that he served after having been committed to federal custody where he was let be removed from federal confinement and transferred to state detention pending a state case's prosecution, where that State prosecution led to petitioner being convicted and sentenced by the State Court which had rendered judgment that the State imposed sentence would run concurrent with the federal sentence which he was currently still in service of.

(Docket No. 5 at 5.) Specifically, Petitioner asserts that he is entitled to credit for time served between July 16, 2000, and August 16, 2006, during which he was in prison in the State of Tennessee. (Id.) According to Plaintiff, the State of Tennessee directed that his State sentence run concurrently to his federal sentence. (Id.) As relief, Petitioner asks that the Court order that "his instant federal sentence be executed with accrediting of the jail time to rendered by lawful judgment of concurrent sentencing which requires such." (Id. at 8.)

### B. Respondent's Memorandum

Respondent asserts that Petitioner's petition should be denied for the following reasons:

1. The petition should be dismissed because Petitioner's sentence was correctly calculated and a *nunc pro tunc* designation is not warranted; and

2. The petition should be dismissed as an abuse of the writ pursuant to 28 U.S.C. § 2244(a).

3

(Docket No. 14 at 4-5.)

**C.     Petitioner's Response**

In response, Petitioner asserts that his petition should not be dismissed because:

1. The petition should not be dismissed because Petitioner's sentence was not correctly calculated and a *nunc pro tunc* designation is warranted;

2. "Respondent treats the fact that the actual sentencing judgment decreed that the state sentence was to run concurrent with the federal sentence for which Edwards was already in service of, as a moot fact because of its putative unavailability, yet this Court should find this fact"; and

3. "This Honorable Court should not ignore that Edwards has averred that the sentence court ordered that his state sentence be ran concurrently with his federal sentence, so if Respondent persists to stand on the order's unavailability, Edwards' statement of the evidence and proceeding enables the Court to settle the record pursuant to FRAP 10(c), (j)."

(Docket No. 22 at 2-12.)

### III.     Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1999)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

(2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46.  In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," (Id).  (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable," id.  Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim.  Id.

### IV.  Analysis

**A.  Petitioner's § 2241 Petition**

Prior to the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, 28 U.S.C. § 2244 authorized dismissal of a successive habeas petition that presented "no new grounds not

5

heretofore presented and determined." McClesky v. Zant, 499 U.S. 467, 483 (1991). As amended by AEDPA, § 2244(a) now provides:

> No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as governed in section 2255.

A few circuit and district courts have held that § 2244(a) bars a subsequent § 2241 as a successive petition where the grounds raised in the subsequent petition were denied in a prior § 2241 action. See Valona v. United States, 138 F.3d 693, 695 (7th Cir. 1998); Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997); Byrd v. Gillis, No. CIV.A. 97-4697, 1997 WL 698157, at *1 (E.D. Pa. Nov. 5, 1997). For a petition to be barred as successive under this provision, the same claims must have been raised and adjudicated on the merits in the petitioner's prior habeas proceedings. Kuhlmann v. Wilson, 477 U.S. 436, 444 n.6 (1986) (plurality opinion). Under the abuse-of-the-writ doctrine, a court may dismiss a subsequent petition when "a prisoner files a petition raising grounds that were available but not relied upon in a prior petition, or engages in other conduct that disentitles him to the relief he seeks." Id. The Supreme Court has noted that the restrictions on successive petitions set forth in § 2244(a) "constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ.'" Felker v. Turpin, 518 U.S. 651, 664 (1996).

In 2009, Petitioner filed a § 2241 petition in this Court. In it, he requested that the Court award him credit towards his federal sentence from July 16, 2000, until August 16, 2006, when he was in the custody of the State of Tennessee. Edwards v. United States, No. 5:09-cv-95, 2009 WL 5216970, at *3 (N.D. W. Va. Dec. 30, 2009). The undersigned filed a Report and Recommendation ("R&R"), recommending that Petitioner's petition be denied. Id. at *3-6. Specifically, the

6

undersigned found that Petitioner's sentence was properly calculated; he was not entitled to credit towards his federal sentence for the time spent in State custody from July 17, 2000, until August 16, 2006; and that the BOP's decision to not grant Petitioner a *nunc pro tunc* designation was not reviewable by the Court. Id. United States District Judge Frederick P. Stamp, Jr. adopted the R&R, and also denied and dismissed with prejudice Petitioner's § 2241 petition. Id. at *1-2.

The claim that Petitioner raises in the instant petition is identical to the one already denied by this Court in 2009. Petitioner cannot benefit from another "bite at the apple" simply because several years have passed since the denial of his first petition and the filing of his instant one. Accordingly, the undersigned recommends that Petitioner's claim be denied and dismissed with prejudice as successive and as an abuse of the writ.

**B.     Petitioner's Motion to Stay**

On April 22, 2015, Petitioner filed a motion asking for proceedings in this matter to be stayed pending disposition of a "Motion for Recommendation for Concurrent Sentence with Currently Discharged State Sentence and Request to Bureau of Prisons to Accept," which he had filed with the sentencing court in the Western District of Virginia. (Docket No. 26.)

Plaintiff filed his motion with the Western District of Virginia on April 10, 2015. United States v. Edwards, No. 1:00-cr-87-3, Docket No. 219 (W.D. Va.).[1] On April 13, 2015, United States District Judge James P. Jones denied Petitioner's motion. Id., Docket No. 220. Accordingly, there is no need to stay proceedings in this matter since Judge Jones has already disposed of Plaintiff's motion; therefore, the undersigned recommends that Petitioner's motion to stay be denied.

---

[1] This information was obtained from the docket sheet for Petitioner's criminal case, located through www.pacer.gov.

## V. Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that Respondent's "Motion to Dismiss and Response to Order to Show Cause" (Docket No. 13) be **GRANTED**, that Petitioner's motion to stay (Docket No. 26) be **DENIED AS MOOT**, and that Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested.

DATED: April 30, 2015

/s/ *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE