IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


MARK R. EDWARDS, SR.,

       Petitioner,

v.                               Civil Action No. 5:14CV136
                                      (STAMP)
R.A. PERDUE, Warden,

       Respondent.


**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**


I. Procedural History

The pro se[1] petitioner, Mark R. Edwards, Sr., was arrested by Tennessee state officials on July 16, 2000. Pursuant to a federal writ, the petitioner was taken into federal custody on September 21, 2000. On July 16, 2001, the United States District Court for the Western District of Virginia sentenced the petitioner to a period of incarceration of 264 months. The petitioner then returned to the custody of the state of Tennessee.

On August 16, 2001, the state of Tennessee sentenced the petitioner to an eight year term of imprisonment. Tennessee granted the petitioner credit on his state sentence for all time served from July 17, 2000 until the date of his state judgment. On August 16, 2006, Tennessee granted the petitioner parole from his

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

state sentence.  Then, federal authorities took the petitioner into custody.  The Bureau of Prisons ("BOP") commenced the petitioner's federal sentence as of that date.  On November 17, 2008, the petitioner's federal sentence was reduced to 234 months.

In 2009, the petitioner filed a pro se petition for habeas corpus pursuant to 28 U.S.C. § 2241 in the Western District of Virginia, asserting that the BOP failed to properly compute his sentence.  The Western District of Virginia transferred that action to this Court because the petitioner was incarcerated at the Gilmer Correctional Institution in Glenville, West Virginia.  After consideration of the petition, United States Magistrate Judge John S. Kaull recommended to this Court that the petition be denied. This Court affirmed and adopted that recommendation.

On October 15, 2014, the petitioner filed the instant pro se petition for habeas corpus pursuant to 28 U.S.C. § 2241 in this Court, again asserting that the BOP failed to properly compute his sentence.  The petition was referred to Magistrate Judge Kaull for preliminary review pursuant to Local Rule of Prisoner Litigation Procedure 83.09.  Thereafter, the government filed a motion to dismiss.  The petitioner filed a response thereto.  The petitioner also filed a motion to stay.  Following review of the pending motions, Magistrate Judge Kaull submitted a report and recommendation recommending that this Court deny the petitioner's petition as successive and an abuse of the writ and denying the

2

petitioner's motion to stay. The petitioner filed timely objections. For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a _de novo_ review of any portion of the magistrate judge's recommendation to which objection is timely made. However, as to those portions of the magistrate judge's recommendation to which no objections are filed, the findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Because the petitioner filed objections to certain portions of the report and recommendation, the magistrate judge's recommendation will be reviewed _de novo_ as to those portions. Otherwise, this Court will review the magistrate judge's findings for clear error.

## III.  Discussion

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244 provides, in relevant part:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). Petitioner filed a § 2241 habeas petition in this Court asserting the same challenge to the calculation of his sentence as asserted in the present petition.

The United States Court of Appeals for the Second, Seventh and Ninth Circuits have held or noted in published opinions that § 2244(a) bars successive petitions under § 2241 directed to the same issue. Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997) (applying § 2244(a) to dismiss a second or successive § 2241 petition seeking to re-litigate a federal prisoner's claim which had been asserted and denied in a prior § 2241 petition); see Simon v. United States, 359 F.3d 139, 143 n.7 (2d Cir. 2004) (discussing Chambers ); Valona v. United States, 138 F.3d 693, 695 (7th Cir. 1998) (noting that § 2244(a) bars successive petitions under § 2241 "directed to the same issue concerning execution of a sentence"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000). The Tenth Circuit has concurred in unpublished opinions. Jackson v. Morris, 8 F. App'x 890 (10th Cir. 2001) (unpublished); Gibson v. Knowles, 166 F.3d 1220 (10th Cir. 1999) (Table). Similarly, prior to the enactment of the AEDPA amendments, several circuit courts held that where a petitioner filed a previous § 2241 petition which was dismissed on the merits, § 2244(a) barred a second § 2241 habeas petition. See George v. Perrill, 62 F.3d 333, 334-35 (10th Cir. 1995); Glumb v. Honstead, 891 F.2d 872, 873 (11th Cir. 1990); Poyner v. United States Parole Comm'n, 878 F.2d 275, 277 (9th Cir.

1989); <u>Sacco v. United States Parole Comm'n</u>, 639 F.2d 441, 442-43 (8th Cir. 1981). The AEDPA amendments do not alter the reasoning of these circuits in applying § 2244(a) to bar a successive § 2241 petition.

The magistrate judge found that the current § 2241 petition was successive under § 2244(a). The petitioner filed objections arguing that he had raised entirely different claims in his current petition than were raised in his 2009 petition. The petitioner asserts that this is so because the BOP misled this Court in 2009 to believe that its procedure was legal, which it was not. Thus, the petitioner contends that because of this new information, his current petition should not be barred.

Based on the following, this Court does not believe that the petitioner is asserting any new claims, that his petition is therefore barred as successive, and this Court's previous findings should stand.

A.   <u>Previous Findings by This Court</u>

1.   <u>Computation of Federal Sentence</u>

Pursuant to 18 U.S.C. § 3585(b), a prisoner may not receive credit for prior custody against a federal sentence if the prisoner has already received credit for that time against another sentence. <u>See</u> 18 U.S.C. § 3585(b); <u>United States v. Wilson</u>, 503 U.S. 329 (1992). Here, the petitioner received prior custody credit on his state sentence for the time he spent in federal custody before

August 16, 2006 (the date he was released on parole from state custody). Thus, this Court correctly concluded in the petitioner's 2009 case that the petitioner is not entitled to double credit for detention time and that, because the petitioner received state sentence credit for the time he spent in federal custody before August 16, 2006, he cannot receive credit against his federal sentence.

### 2. Nunc Pro Tunc Designation

A federal sentence may commence prior to the date when the Attorney General gains physical custody of the defendant. 18 U.S.C. § 3621(b); Barden v. Keohane, 921 F.2d 476, 483 (3d Cir. 1990). A nunc pro tunc designation may be made where a federal court orders its sentence to run concurrently with a previously imposed state sentence. In that case, the BOP designates a state facility as the place where the inmate serves his federal sentence. United States v. Evans, 159 F.3d 908, 911–912 (4th Cir. 1988). The BOP must consider a prisoner's nunc pro tunc request, but it is not required to grant the request. Barden, 921 F.2d at 481.

Here, the petitioner made a nunc pro tunc request to the BOP. The BOP considered his request and denied it. This Court correctly found in the 2009 case that the BOP applied the factors listed in 18 U.S.C. § 3621(b) to the petitioner's situation. Additionally, the BOP contacted the sentencing court for its input. The BOP examined the petitioner's circumstances and found that they did not

warrant a nunc pro tunc designation. Therefore, this Court correctly found in the 2009 case that the BOP did all that it was required to do and that the substantive decision not to grant the petitioner a nunc pro tunc designation is not reviewable by this Court.

> 3. Considerations of the Petitioner's Objections

Despite the petitioner's objections, this Court cannot find that the findings above have changed based on any information it has received regarding the BOP's procedures. The petitioner's objections do not address any other new claims that the petitioner may have. His objections simply go to the same claims that he previously made, that the computation of his sentence was incorrect and it is incorrect because of incorrect BOP procedures. Thus, this Court finds, pursuant to a de novo review, that the magistrate judge's finding that the petitioner's § 2241 petition is successive should be upheld.

Accordingly, the petitioner's § 2241 petition is successive under § 2244(a) and must be barred. Thus, the government's motion to dismiss is granted.

C. Motion to Stay

The petitioner also filed a motion to stay requesting that this proceeding be stayed pending disposition of a "Motion for recommendation for concurrent sentence with currently discharged state sentence and request to Bureau of Prisons to accept," which

he had filed with the sentencing court in the Western District of Virginia (ECF No. 26). The motion that the petitioner cited is no longer pending. See <u>United States v. Edwards</u>, No. 1:00cr87-3, Docket No. 220 (W.D. Va. Apr. 13, 2015). Thus, the magistrate judge recommended that the petitioner's motion to stay be denied as moot as there was no longer a need for a stay. The petitioner did not specifically object to this recommendation. Accordingly, this Court finds that the motion to stay is denied as moot given that the petitioner's cited motion has been denied. Thus, the magistrate judge's finding was not clearly erroneous.

IV. <u>Conclusion</u>

Having reviewed the magistrate judge's report and recommendation <u>de novo</u>, this Court hereby AFFIRMS and ADOPTS the report and recommendation in its entirety and the petitioner's objections are hereby OVERRULED. Accordingly, the petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED and DISMISSED WITH PREJUDICE. The government's motion to dismiss is GRANTED. The petitioner's motion to stay is DENIED AS MOOT. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk

of this Court within sixty days after the date of the entry of this judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   May 15, 2015

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE